UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01521-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT WRITTEN DEPOSITIONS AND GRANTING PLAINTIFF'S REQUEST FOR SUBPOENAS<br><br>ECF No. 24 |

    Plaintiff has filed a motion seeking leave of court to conduct written depositions of defendants and non-party individuals pursuant to Federal Rule of Civil Procedure 31. ECF No. 24. Plaintiff asks that the court either waive all fees and costs associated with the depositions or have the court or a member of the Attorney General's staff help administer the depositions. *Id.* at 1-2. Plaintiff also requests four blank subpoena forms to ensure that specific individuals will appear for their depositions. *Id.* at 2.

    Plaintiff does not need the court's permission to depose defendants or non-party individuals. *See* Fed. R. Civ. P. 30; *Ramirez v. Miranda*, No. 3:20-CV-2280-DMS-AHG, 2021 WL 11622610, at *3 (S.D. Cal. July 22, 2021) ("Rule 30(a) and Rule 31(a) allow any party to depose any person, including another party, without leave of Court (unless the person to be deposed is also confined in prison, in which case leave of Court must be obtained)."). Therefore,

I will deny plaintiff's motion as unnecessary. *See Lopez v. Horel*, No. C 06-4772 SI PR, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007) (denying the plaintiff's motion for permission to take written depositions as unnecessary since plaintiff did not need court permission to conduct such depositions).

Plaintiff must, however, abide by the applicable rules and will be responsible for the cost of any depositions that he seeks to take. Plaintiff's requests for assistance in conducting depositions and to waive the associated fees are denied. *See Dalke v. Clark*, No. 1:20-cv-00534-AWI-SAB (PC), 2021 WL 1546208, at *1 (E.D. Cal. Apr. 20, 2021) (noting that the plaintiff's "in forma pauperis status does not entitle him to free services from the court, such as scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the deposition"); *Jackson v. Woodford*, 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007) ("Plaintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or deposition officer fees.").[1]

Notably, plaintiff has not shown that he can pay the cost associated with written depositions, which would include fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). *Harrell*, 2015 WL 8539037, at *2. The court in *Lopez* observed, "[i]f plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so." *Lopez*, 2007 WL 2177460, at *2. The *Lopez* court further noted that a Rule 31 deposition "may sound like an inexpensive way for a prisoner to do discovery but usually is not." *Id.*, n.2.

---

[1] If plaintiff chooses to proceed with a deposition by written questions, he will need to serve a deposition subpoena that identifies (1) the witness who will be deposed, (2) the officer who will take the deposition, (3) a list of the specific questions the witness will be asked, and (4) the date and time the deposition will occur. *See Harrell v. Jail*, No. 2:14-cv-1690-TLN-CKD-P, 2015 WL 8539037, *1 (E.D. Cal. Dec. 11, 2015). Defendants would be granted an opportunity to send the witness cross-examination questions. *Id*. Plaintiff would then be permitted to send written re-direct questions, and defendants would be permitted to provide re-cross-examination questions. *Id*.

Plaintiff requests four subpoena forms so that he may seek to compel individuals' appearance for written depositions. ECF No. 27 at 2. Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." However, before a subpoena is issued, the court must ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, No. 1:04-cv-05104-DLB-PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.").

The court will provide plaintiff with four signed subpoena forms so that he can seek discovery from the individuals identified in his motion. Plaintiff is advised that the court will not direct the U.S. Marshal to serve the subpoenas unless plaintiff first demonstrates both that the information sought by each subpoena cannot be obtained from defendants via other, less burdensome means and that he has adequate funds to pay for the depositions. Plaintiff is reminded that his *in forma pauperis* status does not authorize expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28 U.S.C. § 1915; *Lopez*, 2007 WL 2177460, *2.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for leave to take written depositions, ECF No. 24, is denied.

2. The Clerk of Court is directed to provide plaintiff with four signed but otherwise blank subpoena forms with this order. *See* Fed. R. Civ. P. 45(a)(3).

IT IS SO ORDERED.

Dated:   December 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE