UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01521-DAD-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S FIRST MOTION TO PROPOUND ADDITIONAL DISCOVERY, GRANTING HIS SECOND MOTION TO PROPOUND ADDITIONAL INTERROGATORIES, AND GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>ECF Nos. 27, 29, & 34 |

      Plaintiff, proceeding pro se, has filed three motions; two seeking to propound additional interrogatories and one seeking to modify the scheduling order. Defendants have filed oppositions to plaintiff's motions for additional interrogatories. Because I find that plaintiff has not adequately supported his first request for additional interrogatories, I will deny that motion. I will, however, grant his second motion for additional interrogatories and grant in part his motion to modify the scheduling order.

### Motions to Propound Additional Interrogatories

      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedures, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be

1  granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a).

2        Typically, a party requesting additional interrogatories must make a "particularized
3  showing" as to why additional discovery is necessary. *Archer Daniels Midland Co. v. Aon Risk*
4  *Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). Pursuant to Rule 33(a), once the
5  moving party has made the appropriate showing, the court shall grant leave if it is consistent with
6  Federal Rule of Civil Procedure 26(b)(2).

7        Although a pro se litigant need not make a "particularized showing" that he is entitled to
8  propound additional interrogatories, he must nonetheless demonstrate good cause. *See McClellan*
9  *v. Kern Cnty. Sheriff's Office*, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D.
10 Cal. 2015) (citing Fed. R. Civ. P. 26(b)(1); *Cantu v. Garcia*, No. 1:09-cv-00177-AWI-DLB (PC),
11 2013 WL101667, at *3 (E.D. Cal. 2013); *Eichler v. Tilton*, No. CIV-06-2894-JAM-CMK (P),
12 2010 WL 457334, at *1 (E.D. Cal. 2010)).

13       Additionally, a court may deny a pro se plaintiff's request for additional interrogatories if
14 the plaintiff has not sufficiently specified why additional interrogatories are necessary. *See*
15 *Doster v. Beard*, No. 1:15-cv-1415-DAD-GSA (PC), 2017 WL 1393509 at *4 (E.D. Cal. Apr. 13,
16 2017) (denying the plaintiff's request to serve additional interrogatories because he did not
17 explain the nature or subject matter of the additional interrogatories); *McClellan*, 2015 WL
18 5732242, at *2 (denying the plaintiff's motion for additional interrogatories because he did not
19 specify what factual matters he sought clarification on or why he could not seek the information
20 through other discovery tools). Some courts have also held that proposed interrogatories must be
21 submitted with the motion in order for the court to properly evaluate the moving party's need for
22 additional discovery. *See Hardy v. Davis*, No. 2:13-cv-0726-JAM-DB, 2017 WL 445723, at *3
23 (E.D. Cal. 2017) (the plaintiff's motion for leave to serve additional interrogatories deficient
24 where the plaintiff failed to submit the proposed interrogatories with the motion for the court's
25 review); *Waterbury v. Scribner*, No. 1:05-cv-0764-OWW-DLB (PC), 2008 WL 2018432, at *8
26 (E.D. Cal. 2008).

27       Plaintiff's first motion seeks an additional 100 interrogatories for both defendants because
28 he anticipates needing dozens of interrogatories aimed at gathering information on his disallowed

property. ECF No. 27.  Plaintiff has filed another motion seeking an additional 25 interrogatories for only defendant Clendenin.  ECF No. 34.  The second motion includes the proposed interrogatories.  *Id.* at 4-11.  With respect to plaintiff's first motion, defendants oppose it, arguing that plaintiff has yet to exhaust his permitted 25 interrogatories per defendant, and that his motion is impermissibly vague, as it does not include proposed interrogatories.[1]  ECF No. 30.  In opposition to plaintiff's second motion, defendants argue that plaintiff has not demonstrated good cause for the additional interrogatories.  ECF No. 35.  Defendants additionally argue that plaintiff's request for additional interrogatories is more appropriately characterized as a request for an additional 32 interrogatories due to discrete subparts.

      Plaintiff's first motion is denied; he has not submitted proposed interrogatories or specified the nature or subject matter, apart from a general reference to his disallowed property, of the additional interrogatories.  Additionally, at the point of his first motion, plaintiff had yet to exhaust his permitted interrogatories.

      Plaintiff's second motion, however, does include some proposed interrogatories.  After reviewing the proposed interrogatories, I find that plaintiff has demonstrated sufficient cause to warrant the additional proposed interrogatories.  However, plaintiff is warned that this order only permits him to propound a total of 50 interrogatories on defendant Clendenin.  Defendants have represented in their moving papers that plaintiff has served more than 250 interrogatories on Clendenin.  Plaintiff does not have carte blanche authority to propound discovery on defendants.  This order contains limited authority for plaintiff to propound an additional 25 interrogatories on Clendenin.

## Motion to Modify the Scheduling Order

      Plaintiff seeks to modify the November 6, 2023 scheduling order to extend the discovery cutoff by six months.  ECF No. 28.  As cause, plaintiff argues that there is a delay in receiving mail at his institution and that he has outstanding discovery and pending motions.  *Id.*  While I am

---

[1] Defendants' opposition includes a declaration from their counsel stating that both defendants received eleven interrogatories from plaintiff on November 20, 2023.  Defendants served their responses to those interrogatories on January 4, 2024, and, as of January 30, 2024, defendants have not received additional interrogatories from plaintiff.  ECF No. 30-1 at 2.

persuaded that additional time is warranted to complete discovery given plaintiff's stated reasons, I am not persuaded that an additional six months is necessary. Accordingly, I will modify the scheduling order as follows: the deadline for the completion of all discovery, including filing all motions to compel discovery, is August 30, 2024. All requests for discovery shall be served not later than July 12, 2024.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for leave to propound additional interrogatories, ECF No. 27, is denied without prejudice.

2. Plaintiff's motion to modify the scheduling order, ECF No. 29, is granted in part.

   a. The deadline for requesting discovery shall be served not later than July 12, 2024.

   b. The deadline for completing discovery, including filing all motions to compel discovery, is extended to August 30, 2024.

3. Plaintiff's motion for leave to propound additional interrogatories, ECF No. 34, is granted. Plaintiff shall serve no more than 50 total interrogatories on defendant Clendenin.

IT IS SO ORDERED.

Dated:   May 13, 2024                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

4